# Exhibit 1

 **CT Corporation**

**Service of Process Transmittal**
09/18/2020
CT Log Number 538269003

**TO:**   Dan Kelly
Atkore International, Inc.
16100 Lathrop Ave
Harvey, IL 60426-6021

**RE:**   **Process Served in California**

**FOR:**   Atkore International, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JAY SADOFSKY, ETC., PLTF. vs. ATKORE INTERNATIONAL, INC., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV35568 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/18/2020 at 02:46 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780122893346 |
| | Image SOP |
| | Email Notification,  Dan Kelly  dkelly@atkore.com |
| | Email Notification,  Gloria Mueller  gmueller@atkore.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 S La Salle St Ste 814<br>Chicago, IL 60604-1101 |
| **For Questions:** | 866-203-1500<br>DealTeam@wolterskluwer.com |

Page 1 of  1 / DC

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.



## PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Sep 18, 2020

**Server Name:** cynthia lopez

**Location:** Los Angeles, CA

| | |
|---|---|
| Entity Served | ATKORE INTERNATIONAL, INC. |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 20STCV35568 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 09/17/2020 01:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
20STCV35568

| | SUM-100 |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** ATKORE INTERNATIONAL, INC., a Delaware
*(AVISO AL DEMANDADO):* Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** JAY SADOFSKY, an individual,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California<br>111 North Hill Street<br>Los Angeles, California 90012<br>Stanley Mosk Courthouse | CASE NUMBER:<br>*(Número del Caso):*<br>20STCV35568 |
|---|---|

Sherri R. Carter Executive Officer / Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian S. Kesluk, Esq. (SBN 114347)          Tel. (310) 273-3180    Fax (310) 273-6137
Michael G. Jacob, Esq. (SBN 229939)
KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
9255 Sunset Boulevard, Suite 411, Los Angeles, California 90069

| DATE:<br>*(Fecha)* 09/17/2020 | Clerk, by _____ R. Perez _____ , Deputy<br>*(Secretario)*                          *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* **ATKORE INTERNATIONAL INC A DELAWARE CORPORATION**

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions·<br>⚖ Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

Electronically FILED by Superior Court of California, County of Los Angeles on 09/17/2020 01:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
20STCV35568

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Laura Seigle

1  Brian S. Kesluk, Esq. (SBN 114347)
   bkesluk@californialaborlawattorney.com
2  Michael G. Jacob (SBN 229939)
   mjacob@californialaborlawattorney.com
3  **KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.**
4  9255 Sunset Boulevard, Suite 411
   Los Angeles, California 90069-3302
5  Phone: 310-273-3180 ♦ Fax: 310-273-6137

6  Attorneys for Plaintiff JAY SADOFSKY

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11

12  JAY SADOFSKY, an individual,               CASE NO.:   20STCV35568

13              Plaintiff,                       PLAINTIFF'S COMPLAINT FOR
                                                 DAMAGES
14       v.
                                                 1. Disability Discrimination in Violation of
15  ATKORE INTERNATIONAL, INC., a                   FEHA;
    Delaware Corporation; and DOES 1 through   2. Retaliation in Violation of FEHA;
16  50, inclusive,                              3. Failure to Take All Reasonable Steps to
                                                   Prevent Discrimination and Retaliation;
17              Defendants.                     4. Wrongful Termination in Violation of
                                                   FEHA;
18                                              5. Failure to Engage in a Good Faith
                                                   Interactive Process in Violation of FEHA;
19                                              6. Failure to Provide Reasonable
                                                   Accommodations in Violation of FEHA;
20                                              7. Failure to Pay Wages;
                                                8. Waiting Time Wage Continuation Pursuant
21                                                 to Labor Code §§ 201-203;
                                                9. Failure to Furnish Timely and Accurate
22                                                 Wage Statements (Cal. Lab. Code §§ 226
                                                   and 1198); and
23                                              10. Breach of Contract.

24

25                                              DEMAND FOR JURY TRIAL

26                                              UNLIMITED JURISDICTION

27                                              PUNITIVE DAMAGES

28  ///

                        PLAINTIFF'S COMPLAINT FOR DAMAGES

KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

1    Plaintiff alleges as follows:

2        1.    Plaintiff JAY SADOFSKY (hereinafter "Plaintiff") is, and at all material times

3    herein was, an individual residing in the County of Los Angeles, State of California.

4        2.    Plaintiff is informed and believes, and based thereon alleges, that Defendant

5    ATKORE INTERNATIONAL, INC. (hereinafter "Defendant" or collectively with all Defendants

6    "Defendants") is, and at all material times was, a Delaware Corporation doing business in the

7    County of Los Angeles, State of California.

8        3.    The true names and capacities, whether individual, plural, corporate, partnership or

9    otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore sues said

10   Defendants by such fictitious names.  The full extent of the facts linking such fictitiously sued

11   Defendants is unknown to Plaintiff.  Plaintiff is informed and believes, and based thereon alleges,

12   that the fictitiously named Defendants, designated herein as DOES, were the agents, servants,

13   partners, employees, alter egos and/or joint venturers of their Co-Defendants and, in doing the acts

14   and things alleged, were at all times acting within the course and scope of that agency, partnership,

15   servitude, employment, and/or venture and with the permission, consent, and approval, or

16   subsequent ratification of each of the named Defendants.  Reference to "Defendants" includes the

17   named Defendants and the DOE Defendants.

18       4.    Plaintiff is unaware of the true names and capacities, whether individual, corporate,

19   associate, or otherwise of the Defendants sued as DOES 1 through 50, inclusive, or any of them,

20   and therefore sues said Defendants, and each of them, by such fictitious names and prays that their

21   true names and capacities, when ascertained, may be incorporated herein by appropriate

22   amendment hereto.

23       5.    Plaintiff is informed and believes, and based thereon alleges, that at all times

24   relevant hereto, each of the Defendants designated herein as "DOE" Defendant was legally

25   responsible by agency, contract or agreement, negligently or in some other actionable manner, for

26   the events and happenings referred to herein which caused the damages hereinafter alleged.

27       6.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein

28   mentioned, one or more of each named and/or unnamed Defendants was the agent, servant,

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

-2-
PLAINTIFF'S COMPLAINT FOR DAMAGES

KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

1 employee, or employer of one or more of the remaining named and/or unnamed Defendants and,

2 as hereinafter alleged, was acting within the scope of such authority, consent, agency, servancy, or

3 employment.

4     7.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein

5 mentioned, one or more of each named and/or unnamed Defendants was in some fashion, by

6 contract or otherwise, the successors, assigns, joint-venturers, co-venturers or partners of one or

7 more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting

8 within that capacity.

9     8.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein

10 mentioned, one or more of each unnamed Defendants was in some fashion, by contract or

11 otherwise, the assured, insured, underwriter, bondsman, indemnitor, guarantor of one or more of

12 the remaining named and/or unnamed Defendants for the acts alleged herein and was acting within

13 that capacity.

14     9.    Plaintiff is informed and believes, and based thereon alleges, that at all time herein

15 mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or

16 more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting

17 for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed

18 Defendants.

19     10.    Plaintiff is informed and believes, and based thereon alleges, that at all time herein

20 mentioned, one or more of each named and/or unnamed Defendants in all respects acted as the

21 employer and/or joint employer with the other Defendants, in that Defendants shared control of

22 Plaintiff as an employee with the other Defendants, either directly or indirectly, and the manner in

23 which business is conducted. Defendants' control includes, but is not limited to, the authority to:

24 hire and fire employees, assign work tasks to employees, engage in day-to-day supervision of

25 employees, including discipline and, control employees' records, including payroll and personnel

26 files.

27     11.    Plaintiff is informed and believes, and based thereon alleges, that at all material

28 times, each of the above-named Defendants was the agent and/or employee of each of the remaining

-3-
PLAINTIFF'S COMPLAINT FOR DAMAGES

1  above-named Defendants, and was at all material times acting within the purpose and scope of such

2  agency and employment.

3      12.    All conditions precedent (exhaustion of administrative remedies) to jurisdiction has

4  been complied with.  Plaintiff timely filed charges against Defendants with the California

5  Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" notice

6  as to each Defendant.  These documents have been timely served on Defendants via certified mail

7  with return receipt requested.

8

9                              **GENERAL ALLEGATIONS**

10     13.    Plaintiff began his employment with Defendant in or about 2017 as a fulltime

11  employee.

12     14.    Plaintiff's position with Defendant throughout his employment was director of

13  strategic sourcing. Plaintiff performed his job in a competent and satisfactory manner his entire

14  employment.

15     15.    During Plaintiff's employment, he suffered from a disability, which necessitated

16  reasonably accommodations, including but not limited to protected leave for treatment and working

17  remotely at certain times.

18     16.    Plaintiff notified Defendant of his disability and need for the accommodation,

19  including but not limited to leave and working remotely during certain times.

20     17.    At no time did Defendant engage in the mandatory interactive process with Plaintiff

21  regarding his disability and need for accommodation.

22     18.    Instead, Defendant began retaliating against Plaintiff by fabricating performance

23  issues, and decreasing his hours and wages from fulltime employment to 20 hours a week. Despite

24  decreasing Plaintiff's wages and telling Plaintiff to only work 20 hours a week, Plaintiff was still

25  required to work 20 hours a week regularly without being paid for those hours.

26     19.    On or about April 3, 2020, Defendant terminated Plaintiff under the pretext of a lay-

27  off.

28  ///

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

-4-
PLAINTIFF'S COMPLAINT FOR DAMAGES

20. On or about April 3, 2020, Plaintiff was retaliated against and wrongfully terminated because of his disability, and need for reasonable accommodations for his disability.

21. Thereafter, Plaintiff is informed and believes and thereupon alleges that Defendant replaced Plaintiff with a non-disabled person.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF FEHA

**(Against All Defendants and DOES 1 to 50, inclusive)**

22. As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

23. At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them. These sections required Defendants, and each of them, to refrain from discriminating against Plaintiff on the basis of his disability and/or perceived disability.

24. Plaintiff could perform the essential functions of his position with or without a reasonable accommodation. As such, Plaintiff was a qualified disabled person within the meaning of FEHA.

25. Defendants, and each of them, were aware of Plaintiff's disability and/or condition related to him disability, because Plaintiff had informed Defendants of them. Defendants also perceived and regarded Plaintiff as having a disability.

26. At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of his position with a reasonable accommodation for Plaintiff's disability. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability have been a danger to Plaintiff's or any other person's health and/or safety, nor would it have created an undue hardship to the operation of Defendants'

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-8137

Exhibit 1, Page 17

1  business.

2      27.    On or about April 3, 2020, Defendants terminated Plaintiff because of his disability,

3  its perceptions regarding his disability, among other unlawful reasons.

4      28.    By engaging in the above- referenced acts and omissions, Defendants and each of

5  them, discriminated against Plaintiff because of him medical condition and/or disability in violation

6  of *Government Code* §§ 12940 *et seq.*

7      29.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and

8  continues to sustain economic damages in lost earnings and other employment benefits in an amount

9  according to proof.

10      30.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and

11  continues to sustain non-economic damages and emotional distress.

12      31.    Plaintiff has sustained general and special damages within the jurisdictional limits of

13  this Court.

14      32.    The acts and conduct of Defendants, and each of them, constituted "malice,"

15  "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that

16  it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable

17  conduct which was carried out by the Defendants, and each of them, with a willful and conscious

18  disregard of the rights of Plaintiff.

19      33.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

20  oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act

21  of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors,

22  or managing agents of the corporation.  The actions and conduct of Defendants, and each of them,

23  were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts

24  known to Defendants, and each of them, with the intention on the Defendants' part to deprive

25  Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an

26  amount according to proof.

27      34.    Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

28  ///

KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

-6-
PLAINTIFF'S COMPLAINT FOR DAMAGES

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF FEHA

### (Against Defendants and DOES 1-50, inclusive)

35.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

36.    At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them.  These sections required Defendants, and each of them, to refrain from retaliating against Plaintiff because he participated in a protected activity.

37.    Plaintiff participated in the protected activities of requesting reasonable accommodations for his disability and related condition, and taking leave for his known disability.

38.    Defendants, and each of them, terminated Plaintiff because he requested a reasonable accommodation for his disability and/or perceived disability.

39.    By engaging in the above-referenced acts and omissions, Defendants, and each of them, retaliated against Plaintiff because he participated in protected activities in violation of *Government Code* §§ 12940 *et seq.*

40.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

41.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain non-economic damages and emotional distress.

42.    The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

-7-
PLAINTIFF'S COMPLAINT FOR DAMAGES

43.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the part of Defendants to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

44.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

## THIRD CAUSE OF ACTION
## FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT
## DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA
### (Against Defendants and DOES 1-50, inclusive)

45.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

46.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them.  These sections required Defendants, and each of them, to take all reasonable steps to maintain a workplace environment free from unlawful discrimination and retaliation.

47.     Defendants, and each of them, embarked on a campaign of discrimination and retaliation against Plaintiff because of his disability and age by terminating Plaintiff's employment.

48.     By engaging in the above-referenced acts and omissions, Defendants, and each of them, failed to take all reasonable steps maintain a workplace environment free from unlawful discrimination and retaliation in violation of *Government Code* §§ 12940 *et seq.*

-8-
PLAINTIFF'S COMPLAINT FOR DAMAGES

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE: 310-273-3180 • FAX 310-273-6137

49.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

50.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain non-economic damages and emotional distress.

51.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

52.     The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

53.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the part of Defendants to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

54.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

### FOURTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Defendants and DOES 1-50, inclusive)

55.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause

KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

-9-

PLAINTIFF'S COMPLAINT FOR DAMAGES

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

1    of action.

2        56.    At all times herein mentioned, the public policy of the State of California, as codified,

3    expressed and mandated in California *Government Code* § 12940, was to prohibit employers from

4    harassing, discriminating and retaliating against any individual based on perceived and/or actual

5    disability, age, and based upon exercise of rights under that section.  This public policy of the State

6    of California is designed to protect all employees and to promote the welfare and well-being of the

7    community at large.  Accordingly, the actions of Defendants, and each of them, in discriminating,

8    retaliating and terminating Plaintiff on the grounds stated above, or for complaining about such

9    discrimination and retaliation, was wrongful and in contravention and violation of the express public

10   policy of the State of California, to wit, the policy set forth in California *Government Code* §12940

11   *et seq.*, and the laws and regulations promulgated thereunder.

12       57.    These public policies inure to the benefit of the public, not just the private interests

13   of the employer and employee, because all individuals within the State are afforded these rights.

14       58.    Defendants' discharge of Plaintiff violated the aforementioned fundamental

15   principles of public policy, in that there is a substantial and fundamental policy against age and

16   disability discrimination in employment as delineated in the FEHA, retaliation, and the laws and

17   regulations promulgated thereunder.

18       59.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and

19   continues to sustain economic damages in lost earnings and other employment benefits in an amount

20   according to proof.

21       60.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and

22   continues to sustain non-economic damages and emotional distress.

23       61.    Plaintiff has sustained general and special damages within the jurisdictional limits of

24   this Court.

25       62.    The acts and conduct of Defendants, and each of them, constituted "malice,"

26   "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that

27   it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable

28   conduct which was carried out by the Defendants, and each of them, with a willful and conscious

-10-
PLAINTIFF'S COMPLAINT FOR DAMAGES

1 disregard of the rights of Plaintiff.

2     63.     The acts of Defendants, and each of them, were done fraudulently, maliciously and

3 oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act

4 of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors,

5 or managing agents of the corporation. The actions and conduct of Defendants, and each of them,

6 were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts

7 known to Defendants, and each of them, with the intention on the part of Defendants to deprive

8 Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an

9 amount according to proof.

10     64.     As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is entitled

11 to reasonable attorneys' fees and costs of suit as pursuant to *Government Code* § 12965.

12

13                 **FIFTH CAUSE OF ACTION**

14     **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE**

15           **PROCESS IN VIOLATION OF FEHA**

16       **(Against Defendants and DOES 1-50, inclusive)**

17     65.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the

18 allegations contained in this Complaint, and incorporates them by reference into this cause of action

19 as though fully set forth herein, excepting those allegations which are inconsistent with this cause

20 of action

21     66.     Pursuant to *Government Code* § 12940(n), Defendants, and each of them, were

22 required to engage in a good faith interactive process with Plaintiff to determine the extent of his

23 disability and/or condition related to his disability and how it could be reasonably accommodated.

24     67.     Plaintiff was at all times ready and willing to engage in the good faith interactive

25 process mandated by *Government Code* § 12940(n). However, Defendants, and each of them, failed

26 to engage in said good faith interactive process with Plaintiff.

27     68.     On or about April 3, 2020, Defendants terminated Plaintiff's employment as a direct

28 result of Defendants' failure to engage in any good faith interactive process, among other unlawful

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

reasons.

69.    By engaging in the above referenced acts and omissions, Defendants, and each of them, discriminated against Plaintiff because of his disability in violation of *Government Code §§ 12940 et seq.*

70.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

71.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain non-economic damages and emotional distress.

72.    Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

73.    The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

74.    The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the part of Defendants to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

75.    Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

///

///

///

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

-12-

PLAINTIFF'S COMPLAINT FOR DAMAGES

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-3137

## SIXTH CAUSE OF ACTION

## FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA

### (Against All Defendants and DOES 1 to 50, inclusive)

76.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

77.     Pursuant to *Government Code* §§ 12940(m) and 12945(c), Defendants, and each of them, were required to reasonably accommodate Plaintiff's disability/medical condition.  Instead of reasonably accommodating Plaintiff, Defendants terminated Plaintiff for no legitimate reason.

78.     On or about April 3, 2020, Defendants terminated Plaintiff's employment as a direct result of Defendants' failure to accommodate Plaintiff's known disability and/or condition related to disability, among other unlawful reasons.

79.     By engaging in the above referenced acts and omissions, Defendants, and each of them, discriminated against Plaintiff because of his disability/medical condition in violation of *Government Code* §§ 12940 *et seq.*

80.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

81.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, hypoglycemic, depression, and humiliation.

82.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

83.     The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard

-13-
PLAINTIFF'S COMPLAINT FOR DAMAGES

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

1    of the rights of Plaintiff.

2         84.     The acts of Defendants, and each of them, were done fraudulently, maliciously and

3    oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act

4    of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors,

5    or managing agents of the corporation. The actions and conduct of Defendants, and each of them,

6    were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts

7    known to Defendants, and each of them, with the intention on the part of Defendants to deprive

8    Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an

9    amount according to proof.

10         85.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

11

12                **SEVENTH CAUSE OF ACTION**

13    **FAILURE TO PAY WAGES PURSUANT TO LABOR CODE §§ 204, 1194, 1197**

14           **(Against Defendants and DOES 1-50, inclusive)**

15         86.     As a separate and distinct cause of action, Plaintiff complains and realleges all the

16    allegations contained in this complaint, and incorporates them by reference into this cause of action

17    as though fully set forth herein, excepting those allegations which are inconsistent with this cause

18    of action.

19         87.     It is unlawful under California law for an employer to suffer or permit an employee

20    to work without paying wages for all hours worked.

21         88.     Plaintiff was not properly compensated for hours that he worked in excess of 20

22    hours a week, once his compensation was decreased. Defendants unlawfully failed to pay Plaintiff

23    all wages he earned.

24         89.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein,

25    Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

26         90.     Plaintiff seeks damages in the amount of the respective unpaid wages, plus penalties,

27    as provided by state law, prejudgment interest, and costs and attorneys' fees, pursuant to statute, and

28    such other legal and equitable relief as the Court deems just and proper.

-14-
PLAINTIFF'S COMPLAINT FOR DAMAGES

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

# EIGHTH CAUSE OF ACTION

## WAITING TIME CONTINUATION PURSUANT TO LABOR CODE §§ 201-203

### (Against Defendants and DOES 1 to 50, inclusive)

91.    As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

92.    A California employer must compensate an employee for all wages owed at the time of termination or not later than 72 hours after an employee's resignation.

93.    Defendants failed to pay Plaintiff all compensation he was owed at the time of Plaintiff's separation of employment.

94.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

95.    Plaintiff is entitled to penalties under *Labor Code* §§ 201-203 equal to Plaintiff's 30-day wages.

# NINTH CAUSE OF ACTION

## FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS

### (California Labor Code Sections 226 and 1198)

### (Against Defendant and DOES 1-50, inclusive)

96.    Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

97.    *Labor Code* section 1198 makes it unlawful for an employer to employ an employee for longer hours than those fixed by the Industrial Welfare Commission Wage Orders or under conditions of labor prohibited by Industrial Welfare Commission Wage Orders.

98.    California *Labor Code* section 226 provides in pertinent part the following:

> 226. (a) Every employer, semimonthly or at the time of each
> payment of wages, shall furnish to his or her employee…an accurate

-15-
PLAINTIFF'S COMPLAINT FOR DAMAGES

itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer... and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee....

   (e) (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

99. At relevant times herein, Defendant knowingly and intentionally failed to furnish Plaintiff with timely and compliant wage statements.

100. Pursuant to *Labor Code* section 226(e), Plaintiff is entitled to recover the greater of all actual damages or a statutory penalty equal to $50 for the initial pay period in which the wage statement violation occurred and $100 for each violation in a subsequent pay period, up to a total of $4,000.

101. Defendant's conduct also entitles Plaintiff to seek preliminary and permanent injunctive relief, including, but not limited to, an order that Defendant issue wage and hour statements to its workers that comply with *Labor Code* section 226.

102. As a direct and proximate result of the aforementioned acts and omissions, Plaintiff has sustained damages in excess of the jurisdictional minimum of this Court, plus interest thereon at the maximum legal rate.

///

///

///

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

**TENTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(Against Defendant and DOES 1-50, inclusive)**

103.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

104.     Plaintiff entered into an oral agreement with Defendant as alleged above and herein to only work 20 hours a week starting in or about mid 2018 for a set rate. Plaintiff and Defendant orally agreed that Defendant would compensate any additional hours over and above 20 hours a week that Defendant required Plaintiff to work.

105.     Plaintiff fully and faithfully performed all obligations required of him under the contract.

106.     Plaintiff was consistently required to work for Defendant more than 20 hours a week and was not paid for those hours.

107.     Defendant breached the contract with Plaintiff by refusing to perform pursuant to the oral agreement and in repudiating the contract after Plaintiff had fully performed his obligations under the contract by failing to pay him

108.     In reasonable reliance on Defendant's representations and pursuant to the terms of the agreement, Plaintiff worked diligently for Defendant.

109.     Pursuant to *Civil Code* § 1589, Defendants, and each of them, consented to Plaintiff's acceptance by the acceptance of benefits under the agreement.  A voluntary acceptance of the benefit of a transaction is equivalent to consent to all the obligations arising from it.

110.     Pursuant to *Civil Code* § 1589, Defendants' acceptance of the benefits of the contract acts as a consent to the obligations arising from it.  As such, Defendants' repudiation is, in fact, a breach of its existing obligations under the agreement.

111.     At the time Plaintiff received Defendants' repudiation, Plaintiff had performed all of the conditions and things on his part to be performed under the terms of the agreement.

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

-17-
PLAINTIFF'S COMPLAINT FOR DAMAGES

112.   By engaging in the aforementioned acts, Defendants, and each of them, repudiated the contract, causing Plaintiff to be damaged in amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   For economic damages in an amount according to proof;

2.   For non-economic damages in an amount according to proof;

3.   For pre-judgment interest;

4.   For an award of exemplary and punitive damages;

5.   A declaratory judgment that the practices complained of herein are unlawful under California law for which claims are herein pleaded;

6.   Injunctive relief to stop the complained of practices;

7.   For reasonable attorneys' fees pursuant to Government Code § 12965;

8.   For costs of suit herein incurred; and

9.   For such other relief as the Court deems just and proper.

DATED:  September 17, 2020          KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.


By:      /s/ *Michael G. Jacob*
          BRIAN S. KESLUK
          MICHAEL G. JACOB
      Attorneys for Plaintiff, JAY SADOFSKY

KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

-18-
PLAINTIFF'S COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable herein.


DATED:  September 17, 2020              KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.



By:        /s/  *Michael G. Jacob*
            BRIAN S. KESLUK
            MICHAEL G. JACOB
        Attorneys for Plaintiff, JAY SADOFSKY

KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

Electronically FILED by Superior Court of California, County of Los Angeles on 09/17/2020 08:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Brian S. Kesluk, Esq. (SBN 114347)<br>Michael G. Jacob, Esq. (SBN 229939)<br>KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.<br>9255 Sunset Boulevard, Suite 411<br>Los Angeles, California 90069<br>TELEPHONE NO.: (310) 273-3180   FAX NO.: (310) 273-6137<br>ATTORNEY FOR *(Name)*: Plaintiff JAY SADOFSKY | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Jay Sadofsky v. Atkore International, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV35568 |
| | | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 10 (Ten)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 17, 2020

Michael G. Jacob, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**   Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Exhibit 1, Page 33

| SHORT TITLE: Jay Sadofsky v. Atkore International, Inc., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 In all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

Exhibit 1, Page 34

| SHORT TITLE: Jay Sadofsky  v. Atkore International, Inc., et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1 ②3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Jay Sadofsky v. Atkore International, Inc., et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Jay Sadofsky  v. Atkore International, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:              12160 Woodruff Avenue |
|---|---|

| CITY:<br>Downey | STATE:<br>CA | ZIP CODE:<br>90241 | |
|---|---|---|---|

**Step 5:  Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated:  September 17, 2020

/s/ Michael G. Jacob
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**09/17/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV35568 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Laura A. Seigle | 48 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/17/2020 _____
 (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) **DEFINITIONS**

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to

      quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling

      portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission

      of documents to the Court for processing which may contain one or more PDF documents

      attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a

      document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

---

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

d) Documents in Related Cases

   Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

   a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

   b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

   a) The following documents shall not be filed electronically:

      i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

      ii) Bonds/Undertaking documents;

      iii) Trial and Evidentiary Hearing Exhibits

      iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

      v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

   b) Lodgments

   Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)   Pleadings and motions that include points and authorities;

    iv)   Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)   Motions for Summary Judgment/Adjudication; and

    vii)   Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2  For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6  This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019 

11  KEVIN C. BRAZILE
    Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 220 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◇**Los Angeles County Bar Association Litigation Section**◇

◇ **Los Angeles County Bar Association
Labor and Employment Law Section**◇

◇**Consumer Attorneys Association of Los Angeles**◇

◇**Southern California Defense Counsel**◇

◇**Association of Business Trial Lawyers**◇

◇**California Employment Lawyers Association**◇

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

STIPULATION – DISCOVERY RESOLUTION

Page 1 of 3

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

The following parties stipulate:

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Exhibit 1, Page 50

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
          (INSERT DATE)                                (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____  ➢ _____
    (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____  ➢ _____
    (TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)
Date:

_____  ➢ _____
    (TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)
Date:

_____  ➢ _____
    (TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)
Date:

_____  ➢ _____
    (TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)
Date:

_____  ➢ _____
    (TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)
Date:

_____  ➢ _____
    (TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY (OR PARTY WITHOUT ATTORNEY) | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11          **STIPULATION AND ORDER – MOTIONS IN LIMINE**          Page 2 of 2

 **Superior Court of California, County of Los Angeles**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. The Civil Mediation Vendor Resource List
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases)

- ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate or small claims cases.

b. Los Angeles County Dispute Resolution Programs
https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and at the Spring Street Courthouse, limited civil.
  - Free day of trial mediations at the courthouse. No appointment needed.
  - Free or low cost mediations before the day of trial.
  - For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer
    EngSpan.pdf.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

Exhibit 1, Page 57